FRANKLIN,
January,
1832.

## JOHN BARNEY *vs.* JOSEPH WEEKS.

Where an officer was commanded in a writ to attach the goods and chattels of a defendant to the value of twenty dollars, and afterwards made his return on the writ that he had, by the directions of the plaintiff, attached all the hay, grain, oats and peas in the defendant's barn,—it was held that he was estopped from saying there was no such property there, and that the command in the writ and return thereon were *prima facie* evidence that the property attached was worth twenty dollars.

A creditor having caused certain personal property to be attached by virtue of a writ of attachment against his debtor, afterwards took out an execution on the judgement rendered in said suit, and in due season delivered it to the sheriff who made the attachment, with directions to levy it on the property attached, and the sheriff without the consent of the creditor, delivered the execution to a constable, who made a return thereon, *that he had repaired to the dwelling house of the debtor, demanded the property, and could not find any whereon to levy the execution,*—it was held that the sheriff was liable.

This was an action on the case against the defendant, as sheriff of Franklin county. The declaration alleged that the plaintiff had theretofore delivered to the defendant a writ of attachment against one Enoch Sawyer to be served and returned according to law ; that afterwards the defendant served said writ by attaching all the hay, grain, oats and peas in the debtor's barn, to wit, five tons of hay, twenty shocks of wheat in the straw, fifty shocks of oats in bundle, and twenty bushels of peas unthreshed, the property of said Sawyer ; that afterwards the plaintiff recovered judgement in the suit for $9,81 damages, and $2,69 cost, and prayed out an execution thereon, and, within thirty days from the rendition of the judgement, delivered it to the defendant to be executed ; that the defendant did not take said property in execution, nor keep it thirty days after the rendition of the judgement, that the plaintiff might take it in execution, but released and discharged it from the attachment ; and delivered the execution to one Withey, a constable, who within sixty days from its date returned it to the justice from whom it issued, wholly unsatisfied. The defendant pleaded the *general issue*, which was joined to the country. The plaintiff, to support the issue on his part, gave in evidence the copy of the writ against Sawyer before mentioned, and the return thereon signed by a deputy of the defendant. The writ was in the common form, and the officer serving the same was directed to attach property to the value of *twenty dollars.* The return was as follows : " Franklin County, ss." " Then " served this writ by attaching *all the hay, grain, oats and* " *peas*, now in the barn on the premsies on which the defendant " now lives in St. Albans, as the property of the within named " Enoch Sawyer, by directions of the plaintiff ; and at the same " time I left a true and attested copy of this writ in the hands

FRANKLIN,
January,
1832.

Barney
vs.
Weeks.

"of the wife of the within named defendant; and have also left "one other true and attested copy of this writ with the town clerk "of said town of St. Albans, with a list of the property so at-"tached, and this my return thereon endorsed.

Attest, *B. Shepard, Sheriff's deputy.*"

The plaintiff also gave in evidence a copy of a record, from which it appeared the plaintiff had recovered a judgement in the suit against Sawyer for $9,81 damages, and for $2,69 cost; and had within thirty days from the rendition of the judgement taken out an execution thereon. He also proved he had delivered it to the defendant, within thirty days from the rendition of the judgement, to levy, serve and return according to law, with the following directions endorsed : "The officer holding this execution is directed to levy on the hay, grain, oats and peas attached on the original writ."  "*George W. Foster, attorney for plaintiff*;"—that with this endorsement on said execution, *Weeks*, without the direction of the plaintiff, delivered it to one S. Withey, constable of St. Albans, in said county, who made the following return thereon : " St. Albans, 17 November 1827 ; Then I repaired "to the dwelling house of the within named defendant, and made "demand for the property above described, and could not find any "whereon to levy this execution. I therefore return this execu-"tion into the office wholly unpaid,"

" Attest,  S. *Withey,* constable ;"— and that on the 20th November, 1827 said execution was returned into the office of said justice of the peace.

Upon this evidence the plaintiff rested his cause, and contended, and so requested the court to charge, that he was entitled to recover. But the court charged the jury,*that upon this evidence alone, the plaintiff was not entitled to recover ;* and the jury found a verdict for the defendant. To which charge the plaintiff excepted, and the case was removed to this Court, for them to consider, whether there was error, or not, in this charge of the court below.

BAYLIES, J.,—*delivered the opinion of the Court.*—It *seems,* that the defendant, being sheriff of the county of Franklin, was, by the writ of attachment, which appears in this case, "commanded to attach the goods, chattels, or estate, of *Enoch Sawyer*, of St. Albans, *to the value of twenty dollars,* and him notify thereof according to law ; and for want thereof, take his body &c." The defendant, by his deputy, served the writ, and made his return, that he attached *all the hay, grain, oats and peas,* in the barn on the

FRANKLIN,
January,
1831.

Barney
vs.
Weeks.

premises where the defendant lived ; also that he did this by the direction of the plaintiff. By this return the defendant is estopped from saying there was *no hay, grain, oats,* or *peas* in the barn. The return shows there was some of each. And as the command in the writ was to attach *to the value of twenty dollars,* the presumption is, that the officer did his duty, and the articles attached were of that value. I consider, *the command* in the writ and *officer's return* are *prima facie* evidence, that hay, grain, oats and peas were attached of the value of twenty dollars. To vary this, the burthen of proof was on the defendant. He might show, that the plaintiff directed him to attach the articles, and that their value was much less than twenty dollars. But it is doubtful whether the officer's return, that he was directed by the plaintiff to make the attachment, is proper evidence of the fact. The officer may certify his own doings, by which he is bound ; but it is doubtful, whether he can make evidence for himself by certifying the doings of the plaintiff. But, if we admit he could do it, there was no evidence given by the defendant tending to show, that the articles attached were of less value than twenty dollars. So, the *prima facie* evidence of the plaintiff, that the articles attached were of that value, has not been overcome by the defendant.

It was the duty of the defendant, as sheriff, to have held the hay, grain, oats, and peas which he attached as aforesaid, for thirty days from the time final judgement was rendered in the suit: And if the plaintiff did not within the thirty days take the hay, grain, oats and peas, in execution, the same would be discharged from the process.

The plaintiff's evidence shows, that he regularly proceeded to final judgement in the suit, and in due season took out his execution on the judgement, and delivered it to the defendant, who was sheriff, and to whom it was directed, to collect and return, with written directions on the execution to levy on the hay, grain, oats and peas attached on the original writ. By this the plaintiff continued his *lien* upon the property attached, and the defendant could not shift off his responsibility for the loss of it, by delivering the execution to the constable for him to make a *non est inventus* as to property. In short, the plaintiff showed sufficient evidence *prima facie* to entitle him to recover, and

The judgement of the county court
is reversed, and a new trial granted.

*Geo. W. Foster,* for plaintiff.
*Smalley and Adams,* for defendant.